IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEN SAVAGE ) <br> 1486 Cherry Road ) <br> Franklin, GA 30217 ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BUREAU OF ALCOHOL, TOBACCO, ) <br> FIREARMS AND EXPLOSIVES ) <br> 99 New York Ave. NE ) <br> Washington, DC 20226 ) <br> ) <br> Defendant. ) <br> _____) | COMPLAINT <br> (Freedom of Information <br> Act, 5 U.S.C. §552) |

Comes now the Plaintiff, by and through undersigned counsel, and alleges as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3. Venue lies in this district under 28 U.S.C. §1391(e).

## PARTIES

4. Plaintiff Len Savage is a Federal Firearms Licensee, i.e., is licensed to transact business in firearms, including those regulated by the National Firearms Act ("NFA") and an adult male citizen of the State of Georgia.

5. Defendant BATFE is a component of the Department of Justice and an agency within the meaning of 5 U.S.C. § 552(f).  Defendant BATFE has possession, custody and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On February 22, 2021, Plaintiff transmitted a Freedom of Information Act ("FOIA") request to Defendant BATFE.  The FOIA was submitted via email.  A true and correct copy of the FOIA is attached as Exhibit "1."

7. Plaintiff's FOIA made the following request:

> In a prior FOIA (Number 2020-0788), my client requested similar documents with a time frame ending May 27, 2020.  In this FOIA, my client requests documents which would fit the below criteria using today's date: February 22, 2021. My client is not requesting documents previously disclosed in FOIA Number 2020-0788.
>
> Because the information sought resides with your agency, my client requests the following information:
>
> - Any and all records and/or policies regarding submission samples (for example, including but not limited to, documents and records referencing how submission samples are prioritized, documents and records referencing the maximum amount of days the agency has to provide a response/answer to the submitted sample, documents and records regarding responsibilities and/or obligations to respond to inquiries from licensees);

- Any and all records regarding submission samples over fifteen (15) months old from today's date; and

- Any and all records regarding the failure to respond to industry submission samples and the impact on the enforcement of the NFA and GCA.

8. After submitting the FOIA, the BATFE provided an acknowledgement letter to undersigned and assigned the request as a "complex track". *See* Exhibit "2".

9. The BATFE did not determine whether it would comply with the request or state how many documents would be produced and what exemptions, if any, would be invoked.

10. Pursuant to FOIA, 5 U.S.C. §552(a)(6)(A)(i), Defendant BATFE had 20 business days in which to produce the requested records. This period has expired.

11. Pursuant to 5 U.S.C. §552(a)(6)(A)(i), Defendant was required to determine whether to comply with the request within twenty (20) working days of receipt and to notify Plaintiff immediately of its determination, the reasons therefore, and the right to appeal any adverse determination.

12. As of the date of this Complaint, Defendant has failed to: (i) to fully comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons therefore; (iii) advise Plaintiff of the right to

appeal any adverse determination; or (iv) produce all the requested records or otherwise demonstrate that the requested records are exempt from production.

13. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. §552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. §552(a)(6)(C).

## COUNT I
### (Violation of FOIA, 5 U.S.C. §552 Against BATFE)

14. Plaintiff realleges the preceding paragraphs as if fully stated herein.

15. Defendant BATFE is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

16. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant BATFE is compelled to conform their conduct to the requirements of the law.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(2) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request, and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(4) Grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: November 17, 2021

                        Respectfully Submitted,

                        LEN SAVAGE

                        **/s/ Stephen D. Stamboulieh**
                        Stephen D. Stamboulieh
                        Stamboulieh Law, PLLC
                        P.O. Box 428
                        Olive Branch, MS  38654
                        (601) 852-3440
                        stephen@sdslaw.us
                        DC District Court Bar# MS0009
                        *Counsel for Plaintiff*